RANDAL D. SCALES *v.* RICHARD W. ANDERSON.

The action of assumpsit for mere use and occupation cannot be maintained, except where the relation of landlord and tenant either expressly or impliedly subsists.

An action *ex contractu* has sometimes been maintained against a mere trespasser; but in such case, the party waives the tort, and sues in assumpsit for money had and received.

In error from the circuit court of Pontotoc county ; Hon. Hugh R. Miller, judge.

Richard W. Anderson, on 20th September, 1849, brought assumpsit against Randal D. Scales, in Pontotoc circuit court, for the use and occupation during 1847, of 151 13-100 acres of land in west half of section 21, township 15, range 6 east, in the Chickasaw cession of lands.    The declaration contains a

count on a special promise to pay for use and occupation, and a *quantum meruit* and *quantum valebat* are also added for rent of the land. Defendant Scales filed three pleas, in short, by consent, namely: —

1st. *Non assumpsit;* 2d. Payment; and 3d. Pendency in Monroe circuit court of a prior suit for same cause of action; judgment therein for defendant, and writ of error to the high court, where it is yet pending. Issues, in short, were taken upon 1st and 2d pleas, and *nul tiel record* replied to 3d, and issue thereon.

Upon these issues the parties went to trial at the October term, 1850 ; when the court decided the issue of *nul tiel record* taken upon the 3d plea, for the plaintiff; and upon the other issues, the jury returned a verdict in favor of the plaintiff for $882.01, for which judgment was rendered.

The court, at plaintiff's instance, gave the following charges to the jury, namely: —

1st. That although the defendant may have occupied the premises as a trespasser, yet if the jury believe from the testimony, that he received and enjoyed the rents and profits thereof, the plaintiff may waive the tort and recover in assumpsit, as in this action.

2d. If the jury believe that Anderson owned the land, and agreed to sell it to Blanchard and Lenoir for a certain sum, one third cash, and the balance in one and two years, took their notes accordingly, and gave his bond to make title on payment of the whole of the money; and that no provision was made in the contract as to when they should have possession, then Anderson could retain possession until the whole of the purchase-money should be paid.

3d. That if the jury believe that defendant occupied the land and withheld the same from plaintiff, the action of assumpsit for use and occupation will lie for the rent, and the withholding the possession from plaintiff or his vendee, is a circumstance from which they may infer a promise to pay the rent, and authorize the jury to find for the plaintiff.

4th. If the jury believe that defendant had notice of plaintiff's right or claim to the land, the former cannot set up his improvement made on the land to offset the rent.

5th. That holding the title bond of the New York and Mississippi Land Company, to make title to the land, and paying up the purchase-money, would entitle plaintiff to sue for rent accruing after the purchase by plaintiff; and if the jury are satisfied that such are the facts, they must find for the plaintiff.

6th. If the jury believe that defendant held possession under Dearing, and that Dearing had notice of plaintiff's claim to the land, that would be notice to defendant also, and prevent him from claiming offsets for improvements in this suit.

The following charges were asked for by the defendant Scales, of which the court gave the 1st, 3d, 4th, and 5th; but refused the 2d, 6th, and 7th, namely : —

1st. That in order to sustain this action, it is necessary that the relation of landlord and tenant should exist between plaintiff and defendant, either expressly or impliedly.

2d. That if the jury find from the testimony, that Scales occupied the land as a naked trespasser, he is not liable to plaintiff in this action, even though such occupancy were profitable to him.  Refused.

3d. That if they find from the testimony, that Scales occupied the land adversely to Anderson, under color of title derived from the New York and Mississippi Land Company, then he is not liable to Anderson for rent in this action.

4th. That unless the jury find from the testimony, that Scales occupied the land under agreement with Anderson, or by his permission, then the latter is not entitled to recover rent in this action, and they must find for the defendant.

5th. If the jury believe from the testimony, that at the time the rent accrued, which is here sued for, the land occupied had been sold to Blanchard and Lenoir, and that they were its owners, or were entitled to possession of it, then Anderson is not the proper person to bring this action.

6th. If the jury find from the evidence, that Blanchard and Lenoir bought the land from Anderson for a certain sum, a part of which was paid down, and notes given for the balance, due in one and two years; and Anderson executed a bond to make title on final payment, then they were at that time entitled to possession of the land, although nothing might have been said in the bond about possession.  Refused.

7th. If the jury find that the value of the improvements put by Scales on the land was equal to the value of the rent, and they were not merely ornamental, and that no allowance has been made for them by Anderson to Scales himself, then they must find for the defendant. Refused.

The jury found for the plaintiff, and defendant Scales prayed this writ of error.

*Goodwin* and *Scales* for appellant.

The matters here in controversy had been already adjudicated in a court which, by express enactment, had full jurisdiction of them; and in a proceeding which, as far as relates to the claim of rent therein, is equivalent to an action of trespass for mesne profits, or to a distress for rent. *Jackson* v. *Sheldon,* 5 Cowen, 448, and cases cited. Let the judgment of the circuit court of Monroe be reversed or not, the matter is still *res adjudicata,* whether the result remain as it was in the court of the justices, in favor of the plaintiff, or as decided in the circuit court, in favor of the defendant. In either event it is the final action on the question by a court of competent jurisdiction between the same parties; and to allow this fresh suit for use and occupation would have the necessary effect, either to subject the defendant to a double recovery on the one hand, or require him to defend again a claim which has on the merits been once finally decided in his favor. It would be permitting the plaintiff to bring successively as many suits for the same cause of action, as there are different concurrent remedies given for the same wrong. And there would be no security to the defendant, that after the determination of this present suit he would not be further liable to a third recovery, or renewed litigation, in an action of trespass for mesne profits.

Under the plea of *non asssumpsit,* which denies the fact of occupation by plaintiff's permission, and the implied promise inferred therefrom, (Wheaton's Selwyn's N. P. 1428, note 1,) the record would most conclusively and expressly have negatived the idea of the plaintiff's consent. The action of unlawful detainer itself is wholly and directly incompatible with the hypothesis of an existing tenancy, express or implied, as much

so as the action of ejectment; in addition to the decisive fact, that, in compliance with the peculiar provisions of our statute, (which is similar in this to the New York statute,) Anderson swore that the possession of the land was withheld from him " unlawfully and against his consent."   See *Featherstonhaugh* v. *Bradshaw*, 1 Wend. 134; *Poindexter* v. *Cherry*, 4 Yerg. 305; *Boston* v. *Binney*, 11 Pick. 9; *Birch* v. *Wright*, 1 Durnf. & East, 387.

That it was necessary, in order to sustain the action for use and occupation, that the relation of landlord and tenant should be shown to have existed either express or implied, need not now be argued.   1 Wend. 134; 11 Pick. 1; 1 Durnf. & East, 378, 387; *Davidson* v. *Ernest*, 7 Ala. 817, and cases cited; *Smith* v. *Stewart*, 6 Johns. 46; 13 Ib. 489; *Kirtland* v. *Poinsett*, 2 Taunt. R. 145; *Ryan* v. *Marsh*, 2 Nott & McCord, 156; 2 Serg. & Rawle, 500; 2 Gill & Johns. 326; 6 Ham. 371; *De Young* v. *Buchanan*, 10 Gill & Johns. 149; 1 Munf. 407; 7 J. J. Marsh. 6; 3 Conn. 303; *Pott* v. *Lesher*, 1 Yeates, 576.

But it may be contended by the defendant in error (and was indeed so ruled by the circuit court), that though the relation of landlord and tenant did not exist, yet if defendant were a mere trespasser and received profit from his wrong, the plaintiff had the right to waive the tort and recover in this action.   We apprehend that this decision of the court below will constitute the leading case in jurisprudence in support of the doctrine, that in a suit purely for rent, and under a declaration which avers, and makes it necessary to prove, an occupation, " by the sufferance and permission " of the plaintiff, he can recover for a trespass which can only be a trespass by being committed unlawfully, without his permission and against his consent.   This may be true, but to the same extent that it is, have courts erred in the cases of *Ryan* v. *Marsh*, 2 Nott & McCord, 156; *Henwood* v. *Cheeseman*, 3 Serg. & Rawle, 500; *Stockett* v. *Watkins*, 2 Gill & Johns. 326; *De Young* v. *Buchanan*, 10 Ib. 149; *Wiggin* v. *Wiggin*, 6 N. Hamp. 298; *Richey* v. *Hinde*, 6 Ham. 371; and in every other case that we are aware of, where the question has arisen.   True, had there been a count in the declaraion for money had and received, as was the case in *O' Conley* v.

Scales *v.* Anderson.

*City of Natchez*, 1 S. & M. 31, there might well have been a recovery for a pecuniary profit derived from a trespass.   But the declaration in the case at bar is framed alone to recover rent for "use and occupation" by plaintiff's permission, and each successive count but repeats the same cause of action in a varied form.

The proof shows, however, that there was no tort to waive. The defendant held possession under claim of title derived through Dearing from the New York and Mississippi Land Company, and whether that claim was defective or not, the question of title cannot be tried in this action.   It at least relieves Scales from occupying the attitude of a trespasser.  *Bigelow* v. *Jones*, 10 Pick. 161 ; *Boston* v. *Binney*, 11 Pick. 1, *supra;* 4 Phil. Ev. note 347 to 119.

But under no form of declaration should the point decided have availed the plaintiff; for even if the possession of the defendant had been a trespass, the record from Monroe, which was illegally ruled out, would have abundantly proved that the tort was not waived.   It had, on the contrary, been urged and pressed, as much as making it the foundation of a special action could do so.   1 Wend. 134, *supra;* 1 Durnf. & East, 187–388.

*Yerger* and *Anderson* for appellee.

After the case in equity was decided in favor of Anderson, and Dearing had agreed to buy the land, both Dearing and the defendant, (particularly as the latter acknowledged his right by removing his building, as agreed on,) are to be considered as permissively holding under him.  Anderson, in such case, has a right to maintain assumpsit for use and occupation.   Formerly, much strictness was required in this action.   The relation of landlord and tenant must exist, but it is now, I think, settled, that a permissive occupation is all that is necessary. *Sutton* v. *Mandeville*, 1 Munf. 407; *Logan* v. *Lewis*, 7 J. J. Marsh. 6 ; *Gunn* v. *Scoville*, 4 Day, 228 ; *Osgood* v. *Dewey*, 13 Johns. 240 ; *Abeel* v. *Reedcliff*, 13 Ib. 297 ; *Fronty* v. *Wood*, 2 Hill, 367.

*Lindsey* and *Copp*, on the same side.

*Richard W. Anderson*, in *propriâ personâ*, filed an elaborate written argument before the court in the case.

Mr. Justice HANDY delivered the opinion of the court.

This is an action of assumpsit for use and occupation of a tract of land. The declaration contains a count on a special promise to pay for the use and occupation, a count on the *quantum meruit*, and a count on the *quantum valebat*, for the rent of the premises; to which the defendant pleaded, 1. *Non assumpsit;* 2. Payment; and 3. That another action was pending for the same cause of action; to the last of which pleas, there was a replication of *nul tiel record*.

On the trial of that issue, the defendant offered a record of a proceeding of unlawful detainer, instituted against him by the plaintiff for the same premises, together with a written admission, that rent was claimed in that proceeding. That proceeding had been decided against the plaintiff, and was taken up and pending in this court. The court below decided the issue of *nul tiel record* for the plaintiff, and we think the decision correct, because, 1. The gist of that proceeding was to recover possession of the premises, and the rent was merely incidental; 2. The amount of rent recovered could not have been more than fifty dollars, under the statute. Thus, that proceeding was quite different from the action then before the court.

The facts of the case, as they appear by the record, are in substance, that previous to the institution of this suit, the land in question had been in controversy between Anderson and the New York and Mississippi Land Company, and had been sold by the latter to one Dearing, who took possession, and verbally sold it to the defendant Scales, who also took possession. Afterwards, Anderson filed a bill in chancery against the land company and Dearing, in which the land was decreed to him; and in Jan., 1847, he made a proposition in writing to Dearing, or to Dearing and Scales, in relation to the sale of certain other lands to one or both of them, which proposition contained this clause: " I also agree, that Mr. Scales may remove his buildings off the west half of section 21," the land in question.

Scales *v.* Anderson.

Dearing acceded to the proposition, but Scales did not join in the purchase.   Scales occupied and cultivated the west half of section 21 in the year 1847, removed part of his buildings from it, and sold the residue.   In the spring of that year, Anderson claimed the right of possession of the land, which was denied by Scales, who set up an adverse claim to it; whereupon Anderson instituted proceedings for the unlawful detainer.   It also appears, that early in January, 1847, Anderson had sold the land in question to a third party, and in April of that year executed his bond to make title when the purchase-money should be paid; part of the purchase-money was paid at the time, but the bond was silent as to possession.   This is all the evidence material to the determination of the case.

On the trial, several questions as to the admission or rejection of evidence arose, which are not necessary to be considered under the view we take of the merits of the case.

It is too well settled to admit of controversy, that the action of assumpsit for mere use and occupation, cannot be maintained, except where the relation of landlord and tenant, either expressly or impliedly, subsists.   1 T. R. 378; 10 Gill and Johns. 149; 6 J. R. 46; 13 Ib. 489.   Being an action *ex contractu*, it necessarily follows, that no action of that nature can be supported where there is no pretence of a contract, and certainly not where the possession is claimed adversely.   Here there is a total want of evidence to show a contract.   The only circumstances tending at all to show a contract are, the expression in the proposition to Dearing and Scales, in January, 1847, in reference to the removal of buildings by Scales, the possession of the premises by Scales, and his removal and sale of the buildings.   But he is not shown to have acceded to this proposition, or to have acted on any thing contained in it; and the removal and sale of the buildings are entirely consistent with his claim of rightful possession.   It is true, that such an action lies upon.an implied contract, as where the possession is permissive, as in the case of holding over after the expiration of a lease, and in other cases of tenancy at sufferance.   But there is no principle or authority by which it can be justified in a case of possession under adverse claim; and such clearly appears to

9*

be the relation of the parties in this case from the evidence before us.

An action *ex contractu* has sometimes been maintained against a mere trespasser; but there are cases where the avails of the trespass or occupation, as money had and received to the plaintiff's use, and not the trespass or occupation itself, is the gist of the action. In such cases, a party may waive the tort, and sue in assumpsit for money had and received. Per Lord Mansfield, in *London* v. *Hooper*, Cowp. 419; 2 T. R. 144; 1 S. & M. 31. This is perfectly consistent with the idea of a contract; and in the case last cited, the action is sustained upon the ground, that the defendant had received rents and profits from his possession, and that that was embraced in the count for money had and received in the declaration. The record here shows no such count, nor any proof to support it.

The court below, therefore, erred in granting the first and third instructions, at the instance of the plaintiff, and in refusing the second instruction asked by the defendant.

We do not think there was error in granting the plaintiff's second, or in refusing the defendant's sixth instruction. But the court erred in rejecting the record of the lawful detainer, or at least so much of it as showed the manner in which the plaintiff alleged that the defendant held possession of the premises. That evidence tended to prove that, in July, 1847, the defendant held possession of the land in question, "unlawfully, and against the plaintiff's consent," and this by the affidavit of the plaintiff, thus clearly removing all ground upon which the action of assumpsit as upon an implied contract of possession could stand. It was the admission of the plaintiff, in the most solemn form, of the adverse possession of the defendant, and was directly pertinent to the case on trial.

The judgment for these errors is reversed, and the case remanded for a new trial.